IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GERALD LOYD WRIGHT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | 2:06-CV-0195 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner GERALD LOYD WRIGHT has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 251st Judicial District Court of Potter County, Texas for the offense of possession of a controlled substance and the resultant forty-year sentence. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On July 2, 2002, a jury found petitioner guilty of possession of a controlled substance, i.e., possession of more than four grams but less than two-hundred grams of methamphetamine. Petitioner appealed the verdict, arguing the evidence was factually insufficient. The intermediate appellate court affirmed the judgment, and the Court of Criminal Appeals refused the petition for

discretionary review. *Wright v. State*, No. 07-02-0308-CR, 2003 WL 21919270 (Tex. App.—Amarillo Aug. 12, 2003, pet. ref'd). Petitioner filed a state petition for a writ of habeas corpus, alleging abuse of discretion, ineffective assistance of counsel, prosecutorial misconduct, and a Confrontation Clause violation. The Court of Criminal Appeals remanded petitioner's case to the trial court for evidentiary hearings or for the creation of affidavits. On remand, the trial court conducted a hearing and issued Findings of Fact and Conclusions of Law. In March of 2006, the Court of Criminal Appeals denied the petition for writ of habeas corpus without written order based on findings of the trial court after the hearing. Petitioner timely filed this federal petition for writ of habeas corpus.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied effective assistance of counsel because counsel

   a. failed to call two witnesses who pled guilty to the same crime based on the same evidence used against petitioner,

   b. failed to relay any of the plea bargains offered by the State, and

   c. failed to ask for fingerprints of the State's evidence.

2. The trial court abused its discretion by not informing petitioner about a preliminary hearing based on the State's motion to compel the taking of petitioner's fingerprints.

3. The State committed prosecutorial misconduct by depriving petitioner of favorable evidence.

4. Petitioner's Confrontation Clause rights were violated because the State refused to present a confidential informant to testify at trial.

III.
STANDARD OF REVIEW

Under 28 U.S.C. section 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d).

A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 1519, 146 L. Ed. 2d 389 (2000). A state court unreasonably applies clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Id.*

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d 481, 485 (5th Cir. 2000). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In the case at bar, there is no suggestion in petitioner's habeas petition that the state courts made an unreasonable determination of the facts. *Cf.* 28 U.S.C. § 2254(d)(2). Consequently, this appeal is governed by section 2254(d)(1).

IV.
### INEFFECTIVE ASSISTANCE OF COUNSEL

In his first ground, petitioner contends he received ineffective assistance of trial counsel because counsel failed to (1) call two witness who pled guilty to the same offense, (2) inform him of plea bargain offers, and (3) request fingerprinting of the State's evidence. In order to obtain habeas corpus relief on grounds of ineffective assistance of counsel, a petitioner must demonstrate not only that counsel's performance was deficient, but also that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). To demonstrate deficiency, the petitioner must show counsel's actions "fell below an objective standard of reasonableness." *Id.* at 668. However, a strong presumption exists that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066.

To demonstrate prejudice, a petitioner must show a "reasonable probability" exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. A petitioner must also demonstrate trial counsel's deficient performance rendered the trial fundamentally unfair. *See Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 844, 122 L.Ed.2d 180 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4 (5th Cir. 1993). If a petitioner fails to prove either the deficiency or prejudice prong of the *Strickland* test, then the court need not consider the other prong. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

### A. *Failure to Call Witnesses*

In his specifications of ineffective assistance of counsel, petitioner urges trial counsel failed to call two witnesses, Dawn LaRowe and Jonathan Ogden, who had pled guilty to the same offense for which the petitioner was convicted. Petitioner has waived this issue. Before the state habeas corpus hearing began, petitioner's attorney informed the court it was not necessary to bring in witnesses on the failure to call witnesses claim. The trial court said, "From that, may I take it . . . that the Applicant is abandoning any claim of not presenting Dawn La Rowe or Jonathan Blue Ogden as witnesses?" (Reporter's Record Created Upon Application of Writ of Habeas Corpus, vol. 2, pg. 9. The Applicant (petitioner in this case) answered, "Yes, sir." (*Id.*). His attorney also said, "That's correct, Judge." (*Id.*). At that point the trial court noted "the Applicant is waiving those issues for purposes of this writ proceeding." (*Id.*). In its findings of fact, the trial court found, "On November 17, 2005, in open court, the Applicant freely and voluntarily waived any claims that the failure to call Dawn LaRowe or Jonathan Blue Ogden as witnesses in the trial of this cause deprived the Applicant of a fair trial." (Findings of Fact and Conclusions of Law, pg. 7).

By waiving his claim at the state-court level, petitioner effectively prevented the state court's review of the issue. Because he did not present this claim to the state courts and they were not given an opportunity to address this alleged ineffective assistance of counsel claim, petitioner did not exhaust his state court remedies regarding his attorney's failure to call the two witnesses. *See Castille*, 489 U.S. 346, 349, 109 S. Ct. 1056,1059, 103 L. Ed. 2d 380 (1989). Furthermore, by expressly waiving this claim, petitioner refused the opportunity to fairly present any evidence to support his claim. This election by petitioner further justifies denial for failure to exhaust. *See Nobles*, 127 F.3d 409, 420 (5th Cir. 1997). Because he raised this issue on state writ of habeas

corpus and then specifically waived it, the state court would now find this claim procedurally defaulted. *See Jones*, 163 F.3d at 296. Additionally, the undersigned finds no facts constituting just cause for petitioner's failure to exhaust, particularly in light of the fact he had subpoenaed both witnesses and both were available to testify at the hearing. *See Beazley,* 242 F.3d at 264.

Even if petitioner were not procedurally barred from asserting this claim, he would nevertheless fail to meet the *Strickland* requirements. By not calling the two witnesses at the state writ hearing, petitioner forfeited his opportunity to demonstrate how and to what the witnesses would have testified had petitioner's trial counsel originally called them. Since this Court does not know what their testimony would have been, it has not been shown that petitioner suffered any prejudice from not calling them at the original trial. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Accordingly, petitioner is not entitled to relief on this ineffective assistance claim.

### B. *Failure to Communicate Proposed Plea Bargains*

In his second claim of ineffective assistance of counsel, petitioner contends his appointed trial counsel failed to communicate two plea bargains, one for twenty-five year's incarceration and one for fifteen year's incarceration. Under the Sixth Amendment, a defendant has the right to effective assistance of counsel at all critical stages of his or her prosecution. *Mempa v. Rhay*, 389 U.S. 128, 134, 88 S. Ct. 254, 257, 19 L. Ed. 2d 336 (1967). Based on this principle, "[i]t is clear that a defendant is entitled to the effective assistance of counsel in determining how to plead and in making his plea, and can attack his conviction collaterally if he is not given this right." *Childress v. Johnson*, 103 F.3d 1221, 1227 (5th Cir. 1997). Furthermore, one of the basic tenants of effective representation is for counsel to keep the defendant informed of important developments in the course of the prosecution. *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065.

In considering this federal petition, however, this Court must give deference to any state court factual findings regarding the effectiveness of counsel's representation: "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). In this case, the state court's findings of fact are not disputed.

When petitioner filed his State court writ, the Court of Criminal Appeals remanded the case to the trial court for Findings of Fact and Conclusions of Law. After conducting a hearing on the issue of ineffective assistance of counsel, the trial court found the State had made two plea bargain offers (the first one for twenty-five years and the second one for fifteen years). The trial court additionally found petitioner's original trial attorney had passed away by the time of the hearing and there was no way to determine whether the attorney communicated the State's plea offers to petitioner. The trial court stated, however, that regardless of whether petitioner knew about the offers, "[t]he trial court would not have accepted the State's first or second plea bargain recommendation." (Findings of Fact and Conclusions of Law, pg. 7). In its Findings of Fact, the trial court discusses the plea bargains offered, the possible failure of trial counsel to communicate the plea offers to petitioner, that petitioner has always maintained his innocence, and that the trial court would not have accepted this plea bargain offer. Therefore, the trial court concluded, petitioner could not establish the second prong of *Strickland* because he could not demonstrate prejudice. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

The Court of Criminal Appeals denied petitioner's writ on the basis of these findings. Petitioner has presented nothing to rebut the presumption that the state court's determination of this

factual issue is correct. *See* 28 U.S.C. § 2254(e)(1). Based on the state court's findings, petitioner fails to meet the *Strickland* requirements, i.e., fails to show prejudice. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Accordingly, petitioner is not entitled to relief for ineffective assistance of counsel on this ground.

### C. Failure to Request Fingerprinting of State's Evidence

In his third claim of ineffective assistance of counsel, petitioner contends trial counsel's representation was deficient because counsel failed to request the state's evidence be fingerprinted. Title 28 U.S.C. section 2254 states, as relevant to this proceeding:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant

To have sufficiently exhausted his remedies, a habeas petitioner must have fairly presented the substance of his federal constitutional claims to the highest state court. *Nobles*, 127 F.3d at 420. If a petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred, then the claim is procedurally defaulted. *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998).

A review of petitioner's state habeas petition reveals he did not present his claim of ineffective assistance of counsel to the state courts. Consequently, the state courts were not given

an opportunity to properly investigate, address, and determine the merits of petitioner's allegation regarding fingerprinting the State's evidence. Petitioner has not sufficiently exhausted his available state court remedies with regard to this point. *See Nobles*, 127 F.3d at 420.

Petitioner would now be precluded by the Texas abuse of the writ doctrine from raising his unexhausted allegations in a future state habeas application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 4. Because petitioner failed to exhaust this claim of ineffective assistance of counsel at the state court level, the claim is procedurally defaulted in the state courts, and therefore will not be considered by this Court. *See Coleman v. Thompson*, 501 U.S. 722, 729-31, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (stating a petitioner's failure to meet a state procedural requirement, and a state's subsequent refusal to address the petitioner's argument because of the procedural default, bars federal habeas review of the argument).

Additionally, petitioner has not argued, much less demonstrated, just cause for his failure to raise the unexhausted claim in his state court proceedings. The undersigned finds no factors constituting just cause for petitioner's failure to raise this claim before the state's highest court. The claim, as well as the factual support for the claim, was readily apparent at the time petitioner's state habeas applications were filed and petitioner could have included such in his state actions. Because petitioner has failed to show sufficient cause for his state procedural default, a "prejudice" analysis is not necessary. *See Beazley*, 242 F.3d at 264.

Moreover, as respondent points on in its answer, the state appellate court highlighted the fact that petitioner was caught throwing a bag of methamphetamine into the sink at the time police entered his residence, which not only contained a multitude of paraphernalia used in making methamphetamine but also items used in selling and ingesting methamphetamine. *See Wright*, 2003

WL 21919270, at *1. There was more than sufficient evidence connecting petitioner to the methamphetamine. Even if petitioner had exhausted this claim, he could not succeed on this point. Accordingly, petitioner is not entitled to habeas relief on this claim.

## V.
## TRIAL COURT NOT INFORMING PETITIONER OF PRELIMINARY HEARING

In his second ground, petitioner urges the trial court abused its discretion by "not informing [him] of [a] preliminary hearing of [the State's] motion to compel taking of fingerprints." (Habeas Corpus Petition, pg. 7). Petitioner provides no further elaboration.

The Supreme Court has established,

> [E]ven in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right "to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge" . . . Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.

*Kentucky v. Stincer*, 482 U.S. 730, 746, 107 S. Ct. 2658, 96 L. Ed. 2d 631 (1987) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105-08, 54 S. Ct. 330, 332, 78 L. Ed. 2d 674 (1934)).

The record of this case reflects that the State made a "Motion to Compel Taking of Fingerprints," wherein it requested permission to fingerprint petitioner. (Clerk's Record, pg. 29). The trial court conducted a pre-trial hearing and ruled on the motion. When the trial court signed its order, however, it did not select whether it granted or denied the motion. Thus, the record does not reflect what action the court took on the motion.

Assuming the court granted the State's motion, petitioner's allegation of trial court error is conclusory as it does not provide any support or analysis detailing why the trial court's action was wrong, how it harmed him, or, most importantly, how the State court's determination to deny him

habeas corpus relief on this issue was in conflict with clearly established federal law. "[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1011(5th Cir. 1983).

Even if this Court could consider petitioner's bald assertion of error as raising a valid habeas claim, there is still no violation of Confrontation Clause rights because there is nothing to indicate any witnesses were present at the pre-trial hearing. *See Crawford v. Washington*, 541 U.S. 36, 51, 124 S. Ct. 1354, 1364, 158 L. Ed. 2d 177 (2004) (stating the Confrontation Clause bars the use of testimonial statements). The Confrontation Clause only bars the use of out-of-court, testimonial statements, and, as such, does not bar gathering a defendant's fingerprints to use at trial. *See id.* Furthermore, "there is no indication that [petitioner] could have done anything had he been at the hearing nor would he have gained anything by attending." *See Stincer*, 482 U.S. at 745, 107 S. Ct. at 2667. Fingerprints are not testimonial, and the taking of fingerprints is not protected by Fifth Amendment privileges. *Pearson v. U.S.*, 389 F.2d 684, 686 (5th Cir. 1968). Accordingly, petitioner is not entitled to relief on this ground.

VI.
PROSECUTORIAL MISCONDUCT

In his third ground, petitioner contends that the State committed prosecutorial misconduct by withholding favorable evidence. In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 89, 83 S. Ct. 1194, 1197, 10 L. Ed. 2d 215 (1963). A violation of the rule set forth in *Brady* has three components: (1) the evidence at issue is "favorable to the accused, either because it is exculpatory, or because it is impeaching;" (2) the

evidence was suppressed by the State; and (3) prejudice ensued. *Strickler v. Greene*, 527 U.S. 263, 280, 119 S. Ct. 1936, 1948, 144 L. Ed. 2d 286 (1999). The evidence referred to in *Brady* claims is evidence "which had been known to the prosecution but unknown to the defense." *Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994).

In this case, petitioner appears to allege the State was aware the drugs in petitioner's possession actually belonged to Dawn LaRowe, but nevertheless proceeded to prevent LaRowe from testifying, which resulted in petitioner's conviction for possession. Petitioner fails to present any facts or evidence to support his claim.[1] This Court cannot grant a writ of habeas corpus on the bare, unsupported allegations of a petitioner. *See Ross*, 694 F.2d at 1011. A *Brady* analysis turns around "the evidence at issue." *Strickler*, 527 U.S. at 281, 119 S. Ct. at 1948. Without knowing exactly what the evidence would have been (which requires more than the petitioner simply telling us what he thinks the witness would have testified to had she testified), this Court cannot perform a *Brady* analysis. *See id.*; *Ross*, 694 F.2d at 1011.

Even assuming there was some kind of admissible evidence that LaRowe was the true owner of the drugs, there is still no evidence (not even in the form of an unsupported allegation) of how the State suppressed the testimony. As petitioner emphasizes, he and LaRowe were both at the house at the time of the police search. Therefore, petitioner would have known from the very beginning that the drugs were not his but were, in fact, hers. Because the petitioner knew about the existence of the evidence before the trial began, the State could not have suppressed the evidence so as to amount to a *Brady* violation. *See Lawrence*, 42 F.3d at 257. Accordingly, petitioner does

---

[1] Petitioner's argument additionally fails to account for Texas law, which allows a person to be convicted of unlawful possession of a controlled substance if he has *either* exclusive *or* joint possession of the drugs. *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986).

not present a viable claim for prosecutorial misconduct and his third ground should be denied.

## VII.
## CONFRONTATION CLAUSE

In his fourth ground, petitioner contends his Confrontation Clause rights were violated because the State refused to present the informant to testify at trial. The record in this case reflects the jury did not hear the testimony of the informant who alerted the police to possible drug activities occurring at petitioner's residence. During trial, the State presented the officer who obtained the warrant to search petitioner's residence, but the State did not ever question the officer regarding the substance of the informant's statements. The State established that a search warrant was signed and executed, but never went into any of the details about how the search warrant was secured, i.e., by the use of a confidential informant. (Reporter's Record, vol. 3, pg. 20). Rather, the extent of testimony regarding an informant came during *petitioner's* cross examination of the officer:

> Q. Now, when you were testifying earlier with [the prosecutor], you said that this confidential informant pointed you to this address. And I believe you said that you had reason to believe there were firearms present?
>
> A. I don't recall any testimony about a confidential informant, but we did have information that there was possible firearms there, yes.

(Reporter's Record, vol. 3, pg. 54).

Because the informant never testified and because his or her statements were never admitted into evidence at trial there was no Confrontation Clause violation. The Confrontation Clause applies when out-of-court statements from an adverse party are offered against the defendant. *Crawford v. Washington*, 541 U.S. 36, 50-51, 124 S. Ct. 1354, 1364, 158 L. Ed. 2d 177 (2004). In this case, there were no such adverse statements, and the Confrontation Clause was not violated. *See id.* The State court's denial of habeas relief to petitioner was not in conflict with clearly established federal

law. Accordingly, petitioner is not entitled to relief on this ground.

## VIII.
## RECOMMENDATION

Petitioner has failed to demonstrate the state court proceedings "resulted in a decision that was contrary to . . . clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d). Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner GERALD LOYD WRIGHT be DENIED.

## IX.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of May, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as

indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).